FILED

FEB 0 2 2012

[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| CHARLES COLOMBE, Individually and as an Officer of BBC Entertainment, Inc., a dissolved Minnesota corporation, | * * * * | CIV 11-3002-RAL |
| Plaintiff, | * * * | ORDER DENYING MOTION TO RECONSIDER AND MOTION FOR TRIAL ON PERMANENT INJUNCTION |
| vs. | * * | |
| ROSEBUD SIOUX TRIBE, ROSEBUD SIOUX TRIBAL COURT, and JUDGE SHERMAN MARSHALL, in his Official and Individual Capacities, | * * * * * | |
| Defendants. | * | |

## I. INTRODUCTION

This Court issued an Opinion and Order Granting in Part and Denying in Part Motion to Dismiss (Doc. 33) on September 23, 2011. Since then, Plaintiff Charles Colombe ("Colombe") has filed a Motion for Reconsideration (Doc. 34) and a Motion for Trial on Permanent Injunction Against Defendants Rosebud Sioux Tribal Court and Judge Sherman Marshall (Doc. 37). Defendants Rosebud Sioux Tribe, Rosebud Sioux Tribal Court, and Judge Sherman Marshall (collectively "Defendants") have filed responses (Doc. 36; Doc. 38) opposing both of Colombe's motions. For the reasons explained below, this Court denies Colombe's Motion for Reconsideration and Motion for Trial on Permanent Injunction Against Defendants Rosebud Sioux Tribal Court and Judge Sherman Marshall.

## II. FACTS PERTINENT TO COLOMBE'S MOTIONS

This case involves a contract dispute between BBC Entertainment, Inc. ("BBC") and the Rosebud Sioux Tribe ("Tribe").[1] In June of 1994, the Tribe and BBC entered into a five-year casino management contract under the Indian Gaming Regulatory Act of 1988, 25 U.S.C. § 2701 et. seq. ("IGRA"). After the contract concluded, the Tribe sued BBC in tribal court alleging that BBC had illegally withdrawn funds from an "Operation Expense Reserve Account." The tribal court litigation lasted several years and resulted in an October 16, 2007 judgment against BBC. BBC did not appeal the judgment to the Supreme Court of the Rosebud Sioux Tribe.

On February 17, 2009, the Tribe filed a tribal court complaint against BBC and two of its owners, Wayne Boyd and Charles Colombe. The complaint sought to pierce BBC's corporate veil and to hold Boyd and Colombe personally liable for the October 16, 2007 judgment against BBC. Colombe filed a motion to dismiss the complaint. Tribal Judge Sherman Marshall denied Colombe's motion to dismiss. Colombe then filed a complaint in federal district court seeking de novo review of the October 16, 2007 judgment and an injunction prohibiting Defendants from continuing the tribal court action to pierce BBC's corporate veil. Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (Doc. 5). In a September 23, 2011 Opinion and Order (Doc. 33), this Court dismissed Colombe's claims concerning the October 16, 2007 tribal court judgment because BBC never appealed the decision and therefore had failed to exhaust tribal court remedies. This Court now considers in turn Colombe's two pending motions—the motion to reconsider dismissal of Colombe's claims relating to the October 16, 2007 judgment, and the Motion for Trial on

---

[1] This Court's earlier Opinion and Order contains a more complete rendition of the facts. See Colombe v. Rosebud Sioux Tribe, No. Civ 11-3002, 2011 WL 4458795, at *9-10 (D.S.D. Sept. 23, 2011).

2

Permanent Injunction to prohibit the Rosebud Sioux Tribal Court from asserting jurisdiction over Colombe.

## A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not "recognize or otherwise provide for a 'Motion to Reconsider.'" Grozdanich v. Leisure Hills Health Ctr., Inc., 48 F. Supp. 2d 885, 887 (D. Minn. 1999); see also Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999) ("The Federal Rules of Civil Procedure do not mention motions for reconsideration."). When, as in the present case, the moving party fails to identify a provision within the Federal Rules of Civil Procedure upon which the party bases its motion to reconsider, the party "leaves the characterization of the motion to the court's somewhat unenlightened guess . . ." Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988). This Court's September 23, 2011 Opinion and Order was not a final order or judgment, because the order only granted in part Defendants' motion to dismiss. Accordingly, this Court will address Colombe's motion for reconsideration under Rule 54(b). See Steward v. Ryan, No. CV 10-1110-PHX-MHM, 2010 WL 2991559, at *1 (D. Ariz. July 27, 2010) (addressing the plaintiff's motion to reconsider under Rule 54(b) where court had dismissed some, but not all of plaintiff's claims); Doctor John's, Inc. v. City of Sioux City, IA, 438 F. Supp. 2d 1005, 1027 (N.D. Iowa 2006) (finding that Rule 54(b) provides authority for a court to reconsider any interlocutory order, including a prior ruling on a motion for summary judgment).

Rule 54(b) provides, in pertinent part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Although the standard applicable to a motion

3

to reconsider under Rule 54(b) is unclear, courts typically find it "to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil Procedure 60(b)." Allstate Ins. Co. v. Weber, No. 1:05CV00039, 2007 WL 1427598, at *2 (E.D. Ark. May 11, 2007) (quotation omitted). "It is generally held that a court may amend or reconsider any ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of facts or conclusions of law." Jones v. Casey's General Stores, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) (citation omitted). A motion to reconsider under Rule 54(b), however, may not "serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." Grozdanich, 48 F. Supp. 2d at 888 (citation omitted); see also Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence . . . a motion for reconsideration [should not] serve as the occasion to tender new legal theories for the first time.") (citation omitted).

Here, Colombe asks this Court to reconsider its decision that BBC failed to exhaust its tribal court remedies with respect to the October 16, 2007 judgment. Colombe contends that BBC's failure to appeal the October 16, 2007 judgment should be excused because the Rosebud Sioux Tribal Supreme Court lacked authority under the Tribe's constitution to hear BBC's appeal. In support of this argument, Colombe has filed an affidavit in which he asserts that the Tribe has failed to comply with an amendment to the Tribe's constitution that, in Colombe's view, required the Tribe to implement a new tribal court system and rules of appellate procedure by September 20, 2007. Colombe makes no attempt to justify his failure to raise this legal argument in his brief

4

opposing Defendants' motion to dismiss.[2] Nor does Colombe explain why he waited until now to file an affidavit concerning his interpretation of an amendment to the Tribe's constitution.

Even assuming that there is a basis to reconsider the Court's previous ruling that BBC failed to exhaust its tribal court remedies, Colombe is not entitled to relief. The terms of the management contract required that BBC seek review of the October 16, 2007 judgment at the tribal appellate level before commencing litigation in federal court. See Colombe v. Rosebud Sioux Tribe, No. Civ 11-3002, 2011 WL 4458795, at *9-10 (D.S.D. Sept. 23, 2011). Colombe's doubts about the legitimacy of the Rosebud Sioux Tribal Supreme Court does not excuse BBC's failure to appeal the October 16, 2007 judgment; at all times throughout 2007 to the present day, the Rosebud Sioux Tribal Supreme Court was accepting appeals, issuing opinions, and acting as a fully functional appellate court. (Doc. 36-1). Accordingly, the Court denies Colombe's motion to reconsider.

## B. Motion For Trial on Permanent Injunction

Colombe has filed a motion asking this Court to set a trial date on Colombe's request for a permanent injunction prohibiting Defendants Rosebud Sioux Tribal Court and Judge Sherman Marshall from asserting jurisdiction over Colombe in the Rosebud Sioux Tribal Court. The basis for Colombe's request for a permanent injunction is similar to the basis for his motion to reconsider. Colombe contends that an amendment to the Tribe's constitution required the Tribe to implement a new tribal court system and rules of appellate procedure and that the Tribe's

---

[2] Rather than arguing that the Rosebud Sioux Tribal Supreme Court lacked the authority to hear an appeal from the October 16, 2007 judgment, Colombe's brief opposing Defendants' motion to dismiss asserted that the Court should excuse BBC for its failure to appeal the judgment because BBC lacked the funds necessary to comply with Rule 2 of the Rosebud Sioux Tribal Court Rules of Appellate Procedure. (Doc. 8 at 10).

5

failure to do so divested the Rosebud Sioux Tribal Court of authority to exercise jurisdiction over Colombe in the pending tribal court action to pierce BBC's corporate veil.

Defendants argue that the Court should deny Colombe's motion for a trial on his request for a permanent injunction because Colombe failed to exhaust his tribal court remedies. The terms of the management contract[3] required BBC to address issues of the Rosebud Sioux Tribal Court's jurisdiction over BBC at the tribal appellate level before raising those issues in federal court. Colombe, 2011 WL 4458795, at *9-10. Principles of comity support requiring Colombe as well to exhaust tribal court remedies, including appeal to the Rosebud Sioux Tribal Supreme Court, before this Court is expected to rule on a question concerning the Rosebud Sioux Tribal Constitution. See Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 17 (1987) ("At a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of lower tribal courts."); Duncan Energy Co. v. Three Affiliated Tribes, 27 F.3d 1294, 1299 (8th Cir. 1994) ("Because a federal court's exercise of jurisdiction over matters relating to reservation affairs can impair the authority of tribal courts . . . the examination of tribal sovereignty and jurisdiction should be conducted in the first instance by the tribal court itself."). Generally, questions regarding interpretation of tribal constitutions and amendments thereto are for tribal, and not federal, courts to resolve. See In re Sac & Fox Tribe of Mississippi in Iowa/Meskwaki Casino Litig., 340 F.3d 749, 763-64 (8th Cir. 2003) ("Jurisdiction to resolve internal tribal disputes, interpret tribal constitutions and laws, and issue tribal membership determinations lies with Indian tribes and not in the district courts."); Runs After v.

---

[3] The portion of the management contract pertaining to exhaustion of tribal court remedies states: "The jurisdiction of the Rosebud Sioux Tribal Court system with respect to disputes related to this contract, shall extend through the Tribal Trial Court and Appellate Court level. Tribal Court remedies must be exhausted before any party may initiate suit in Federal Court . . ."

United States, 766 F.2d 347, 352 (8th Cir. 1985) (holding that the district court lacked jurisdiction to resolve "disputes involving questions of interpretation of the tribal constitution and tribal law.").

The first time Colombe raised the argument that the Tribe's failure to comply with an amendment to its constitution divested tribal courts of jurisdiction over him was in a March 24, 2009 motion to dismiss the tribal court action to pierce BBC's corporate veil. (Doc. 5-10). On April 26, 2010, Judge Sherman Marshall issued an order denying Colombe's motion to dismiss. (Doc. 5-25). On May 3, 2010, Colombe filed a "motion for interlocutory appeals" of Judge Marshall's April 26, 2010 order. (Doc. 32-1). In this motion, Colombe once again raised his argument concerning the Tribe's failure to comply with a constitutional amendment.[4] (Id.). The Rosebud Rules of Appellate Procedure provide that the decision concerning whether or not to grant an interlocutory appeal rests with the tribal trial court judge. (Doc. 32-3).[5] Under these rules, Judge Marshall denied Colombe's request for an interlocutory appeal in a June 30, 2010 order. (Doc. 32-2). To date, the Rosebud Sioux Tribal Supreme Court has not had an opportunity to address Colombe's claim that the Tribe's failure to comply with an amendment to its constitution divested the Tribe of jurisdiction over Colombe. This Court recognizes that Colombe's effort to have that issue addressed on an interlocutory appeal to the Rosebud Sioux Tribal Court has been unsuccessful, but Colombe retains the ability to appeal to the Rosebud Sioux Tribal Supreme Court on the tribal constitutional issue if Judge Marshall's ultimate ruling

---

[4] Colombe also raised this argument in a September 9, 2010 motion in opposition to compel and a motion to squash discovery. (Doc. 5-36).

[5] The portion of the Rosebud Sioux Tribal Court Rules of Appellate Procedure pertaining to interlocutory appeals provides as follows: "No interlocutory appeals shall be allowed in either criminal or civil matters unless expressly authorized by the Presiding Justice. The decision of whether or not to accept interlocutory appeals shall be based upon the findings of fact, conclusions of law and ruling entered by the Tribal Judge upon the Appellant's motion to file an interlocutory appeal." (Doc. 32-3).

is unfavorable to Colombe. Colombe has not exhausted his tribal court remedies on this issue. Therefore, this Court denies his motion for a trial on his request for a permanent injunction. See Elliot v. White Mountain Apache Tribal Court, 566 F.3d 842, 847 (9th Cir. 2009) (rejecting plaintiff's argument that she had exhausted tribal court remedies by filing an interlocutory appeal to tribal appellate court where tribal appellate court had held that rules of tribal civil procedure prevented it from considering plaintiff's interlocutory appeal).

## III. CONCLUSION

For the reasons stated above, it is hereby

ORDERED that Colombe's Motion for Reconsideration (Doc. 34) is denied. It is further

ORDERED that Colombe's Motion for Trial on Permanent Injunction Against Defendants Rosebud Sioux Tribal Court and Judge Sherman Marshall (Doc. 37) is denied.

Dated February 2, 2012.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE