

**FILED**
APR 19 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| CHARLES COLOMBE, Individually and as an Officer of BBC Entertainment, Inc., a dissolved Minnesota corporation, | * * * * | CIV 11-3002-RAL |
| Plaintiff, | * * | |
| vs. | * * * | OPINION AND ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT |
| ROSEBUD SIOUX TRIBE, ROSEBUD SIOUX TRIBAL COURT, and JUDGE SHERMAN MARSHALL, in his Official and Individual Capacities, | * * * * * | AND GRANTING MOTION TO COMPEL DISCOVERY |
| Defendants. | * | |

## I. INTRODUCTION

This Court issued an Opinion and Order Granting in Part and Denying in Part Motion to Dismiss on September 23, 2011. Doc. 33. Since then, Plaintiff Charles Colombe ("Colombe") has filed a Motion for Entry of Final Judgment and a Motion to Compel Discovery. Doc. 44; Doc. 40. Defendants Rosebud Sioux Tribe, Rosebud Sioux Tribal Court, and Judge Sherman Marshall (collectively "Defendants") have filed responses opposing Colombe's motions. Doc. 41, 45. For the reasons explained below, this Court denies Colombe's Motion for Entry of Final Judgment and grants Colombe's Motion to Compel Discovery.

## II. BACKGROUND

This case arises out of a contract dispute between BBC Entertainment, Inc. ("BBC") and the Rosebud Sioux Tribe ("Tribe").[1] In June of 1994, the Tribe and BBC entered into a five-year casino management contract under the Indian Gaming Regulatory Act of 1988, 25 U.S.C. § 2701 et. seq. ("IGRA"). After the contract concluded, the Tribe sued BBC in tribal court alleging that

---

[1] This Court's earlier Opinion and Order contains a more complete rendition of the facts. See Colombe v. Rosebud Sioux Tribe, No. Civ 11-3002, 2011 WL 4458795 (D.S.D. Sept. 23, 2011).

BBC had illegally withdrawn funds from an "Operation Expense Reserve Account." The tribal court litigation lasted several years and resulted in an October 16, 2007 judgment against BBC. BBC did not appeal the judgment to the Supreme Court of the Rosebud Sioux Tribe.

On February 17, 2009, the Tribe filed a tribal court complaint against BBC and two of its owners, Wayne Boyd and Charles Colombe. The complaint sought to pierce BBC's corporate veil and to hold Boyd and Colombe personally liable for the October 16, 2007 judgment against BBC. Colombe filed a motion to dismiss the complaint. Tribal Judge Sherman Marshall denied Colombe's motion to dismiss.

Colombe then filed a complaint in federal district court. Count I of Colombe's complaint alleged that the tribal court lacked jurisdiction to enter the October 16, 2007 judgment against BBC because jurisdiction to determine the legality of the modification to the management contract rested with the National Indian Gaming Commission ("NIGC") rather than tribal courts. Count I also sought review of the judgment on the merits because BBC allegedly did not violate the contract. Count II of Colombe's complaint sought an injunction against Defendants from continuing the tribal court action to pierce BBC's corporate veil. Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Doc. 5.

In a September 23, 2011 Opinion and Order, this Court granted in part and denied in part Defendants' motion to dismiss. Doc. 33. This Court granted Defendants' motion to dismiss Colombe's claims concerning the merits of the October 16, 2007 tribal court judgment because BBC never appealed the decision and therefore had failed to exhaust tribal court remedies. This Court denied Defendants' motion to dismiss claims concerning the lack of tribal court jurisdiction because BBC had exhausted its tribal court remedies on its argument that the tribal court lacked jurisdiction to find an illegal modification of the contract. In other words, this Court held that while Colombe could not relitigate the merits of the October 16, 2007 judgment, Colombe could pursue

in federal court his argument that the tribal court lacked jurisdiction to find an illegal modification of the contract.[2] Colombe then filed a motion to reconsider dismissal of his claims relating to the October 16, 2007 judgment and a motion for trial on a permanent injunction to prohibit the Rosebud Sioux Tribal Court from asserting jurisdiction over Colombe. Doc. 34; Doc. 37. This Court denied both of Colombe's motions in a February 2, 2012 Order. Doc. 43. This Court now considers in turn Colombe's two pending motions—the motion for entry of final judgment and the motion to compel discovery.

## III. DISCUSSION

### A. Motion for Entry of Final Judgment

Federal Rule of Civil Procedure 54(b) provides in relevant part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Id. "A Rule 54(b) determination should not be made routinely; it is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993). "Certification should be granted only if there exists some danger of hardship or injustice through delay which would be

---

[2] Colombe's Motion for Entry of Final Judgment (Doc. 44) and his Reply Brief in Support of Plaintiff's Motion for Entry of Final Judgment (Doc. 46) misconstrue this Court's September 23, 2011 Opinion and Order. Colombe contends that entry of final judgment under Federal Rule of Civil Procedure 58(d) is appropriate because Colombe believes that this Court has denied all claims for relief alleged in his complaint. Colombe is incorrect. As noted above, Colombe's claim seeking to have this Court vacate the October 16, 2007 judgment on the grounds that the tribal court lacked jurisdiction to find an illegal modification of the contract survived Defendants' motion to dismiss. Because this Court has entered final judgment on fewer than all of Colombe's claims, this Court will address Colombe's motion for entry of final judgment under Federal Rule of Civil Procedure 54(b).

3

alleviated by immediate appeal." McAdams v. McCord, 533 F.3d 924, 928 (8th Cir. 2008) (quoting Hayden v. McDonald, 719 F.2d 266, 268 (8th Cir. 1983)).

The United States Supreme Court has outlined a two-pronged analysis for determining whether entry of final judgment is appropriate. First, a court must "determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). "In general, the standard for determining what constitutes finality under [Rule 54(b)] is the same as that utilized in single claim cases and is found in Section 1291 of Title 28." 10 Charles Alan Wright et al., Federal Practice and Procedure § 2656 (3d. ed. 2011). "The finality requirement of 28 U.S.C. § 1291 embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." United States v. Nixon, 418 U.S. 683, 690 (1974). A "final decision" under § 1291 is a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Langford v. Norris, 614 F.3d 445, 454 (8th Cir. 2010) (quotation marks and citation omitted).

Second, after making a finding of "finality," a court "must go on to determine whether there is any just reason for delay." Curtiss-Wright, 446 U.S. at 8. "In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." Outdoor Cent., Inc. v. GreatLodge.com, Inc., 643 F.3d 1115, 1118 (8th Cir. 2011) (internal marks and citation omitted).

In the present case, the September 23, 2011 Opinion and Order effectively terminated Colombe's claim seeking review of the merits of the Tribe's claim against BBC. The Opinion and

4

Order did not terminate Colombe's claim that the tribal court lacked jurisdiction over the case. Colombe did not appeal the October 16, 2007 judgment regarding the amount BBC owed the Tribe, and the time for him to do so has long since passed. See Rosebud Sioux Tribal Court Rules of Appellate Procedure Rule 2. Because there was no legitimate exception to excuse the failure to exhaust his tribal court remedies, Colombe is barred from further pursuing in federal district court his claim for review of the contract and a judgment on the merits. Under these circumstances, the dismissal of Colombe's claim for de novo review of the judgment on the merits is a final judgment on one of Colombe's claims.[3] Whether there is any just reason for delay under the second prong of the Curtiss-Wright analysis is a different question, however.

A review of the record shows that judicial administrative interests weigh heavily against finding that there is no just reason for delay. Colombe's claim for review of the contract and the judgment on the merits share factual and legal issues with his claim seeking to have this Court vacate the October 16, 2007 judgment on the grounds that the tribal court lacked jurisdiction to find an illegal modification of the contract. These claims are closely related, and based on the terms of the same contract and related facts. If this Court were to find that the tribal courts lack jurisdiction, no appeal of the merits of the tribal court finding of a breach of contract or the judgment amount would be necessary; the tribal court judgment would be null. The United States Court of Appeals for the Eighth Circuit "disfavors Rule 54(b) appeals where as here the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." Outdoor Cent., 643 F.3d at 1119 (internal citations omitted) (quoting Huggins v. FedEx Ground Package Sys., Inc.,

---

[3] In its Opinion and Order Denying Motion to Reconsider and Motion for Trial on Permanent Injunction, this Court stated that the "September 23, 2011 Opinion and Order was not a final order or judgment because the order only granted in part Defendants' motion to dismiss. Accordingly, this Court will address Colombe's motion for reconsideration under Rule 54(b)." Doc. 43 at 3. To be clear, this Court used the term "final judgment" to mean a final judgment on all of the claims in the case.

566 F.3d 771, 775 (8th Cir. 2009)). Indeed, "where each claim requires familiarity with the same nucleus of facts and involves analysis of similar legal issues, the claims should be resolved in a single appeal." Id. (internal marks and citations omitted). Allowing a portion of Colombe's claims to be appealed to the Eighth Circuit separately and at this time would be inefficient; it would require the Eighth Circuit to twice familiarize itself with the same set of facts and possibly to decide an issue—whether relitigating the merits of the October 16, 2007 judgment is barred—that later proves to be moot if this Court were to find that the Tribal Court lacked jurisdiction to enter such a judgment.

In addition to the interest in judicial efficiency, the equities in this case weigh in favor of denying Colombe's Motion for Entry of Final Judgment. Colombe's Motion for Entry of Final Judgment does not identify any danger of hardship or injustice that would result from a refusal to immediately certify his claim seeking de novo review and a judgment on the merits. Colombe's remaining claim—that the tribal court lacked jurisdiction to find an illegal modification of the contract—can be resolved in a timely fashion, possibly on cross motions for summary judgment. After the remaining claim is resolved, Colombe, if he loses on the remaining issue before this Court, or both parties if Colombe prevails on the remaining issue before this Court, can present a single appeal to the Eighth Circuit, in which all issues may be efficiently considered and resolved at once.

### B. Motion to Compel Discovery

Colombe moves for an order compelling Defendants to answer Colombe's request for admissions, interrogatories, and production of documents. Federal Rule of Civil Procedure 26(b) is "widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). Here, Colombe's

request for discovery relates to whether the Rosebud Sioux Tribal Council enacted certain ordinances pertaining to rules of appellate procedure and qualifications to be a tribal court judge. In its February 2, 2012 Opinion and Order, this Court denied Colombe's motion to reconsider and his motion for a trial on a permanent injunction, both of which were premised on Colombe's argument that an amendment to the Tribe's constitution required the Tribe to enact the aforementioned ordinances. Doc. 43. Thus, whether or not the discovery Colombe seeks is still relevant to the remaining issues in this case is a close call. The nature of the information Colombe seeks to discover tips the balance in favor of granting his motion to compel, however. Colombe is a member of the Rosebud Sioux Tribe, and therefore should be allowed access to copies of any of the Tribal Council's ordinances that fall within the parameters of his request for discovery. Accordingly, this Court grants Colombe's motion to compel discovery to the extent that the Defendants have twenty-one days from the date of this Opinion and Order to answer the interrogatories and requests for admissions and to respond to the requests for production.

## IV. CONCLUSION

For the reasons explained above, it is hereby

ORDERED that Colombe's Motion for Entry of Final Judgment (Doc. 44) is denied. It is further

ORDERED that Colombe's Motion to Compel Discovery (Doc. 40) is granted to the extent that the Defendants have twenty-one days from the date of this Opinion and Order to answer the interrogatories and requests for admissions and to respond to the requests for production.

Dated April 19, 2012

                    BY THE COURT:

                    _____
                    ROBERTO A. LANGE
                    UNITED STATES DISTRICT JUDGE